By the Court:
 

 Bayard,
 
 Chief Justice:
 

 We regret that we are under the necessity of nonsuiting the plaintiffs for the variance between their title as set out, and the proof of it now offered by Hall’s deed. • It is the' subject of regret only, because it does not decide the merits of this case, nor the controversy between the parties, whilst it accumulates ■costs. Yet we are bound by the rules of law to say, that the evidence offered does not support the title laid. And, though it was not necessary for the plaintiffs in pleading to set out their title specially, yet having done so, and having made this deed from Hall and wife the foundation of that title, and the courses and distances contained in it essential as matters of description, the variance, though in but one of the courses is fatal, because it describes different land from
 
 *12
 
 that for the waste and destruction of which the plaihtifls have sudd.
 

 C.
 
 G. Ridgely-,
 
 for plaintiffs.
 

 Cullen
 
 and
 
 Bates,
 
 for defendant.
 

 On the other points we have no difficulty. The operation and effect of Hall’s deed to the Greenlys, was a grant of the fee to them, and the creation of á term for twenty yeais, not as a reservation by Hall of any part of the fee, which would have been void, but as a contract of lease (the deed being the deed of both parties) from the Greenlys to Hall, for a term of twenty years, to commence subsequently. It is a particular estate, created by the contract of the Greenlys, out of their fee already vested in them by Hall’s deed, their estate of inheritance therefore is a
 
 reversión-,
 
 and not a remainder. Hall’s deed of bargain and sale, dated in November, 1826, gave to the Greenlys the
 
 use,
 
 and the statute immediately added the
 
 pns-session
 
 to the use-. Thus the Greenleys, at the date of that deed, were seized of the whole fee. But the term of Hall arising from the contract and the reservation in the deed, did not commence until the 1st January, 1827. Either therefore, the deed of Hall conveyed the whole fee to the Gi'eenlys, or there was for a time a remainder iii them, without any particular estate in any one; which could not be. The only legal effect of the reservation was a contract of leasing from the Greenlys to Hall, for a term commencing after their full-seizin of the whole fee; the residue of their estate, therefore, is a reversion.
 

 We are equally 'clear against the motion ott the other points, wffiich it is not necessary to go into-, because the nonsuit must be ordered on the first ground noticed-.
 

 The plaintiff’s counsel asked the Court to disallow the defendants’ Witnesses’ fees at this term, as he had not seen fit to call them, but put an end to the trial on his own motion for the nonsuit; and the court at first was inclined to favor the application, and distinguish between costs accrued and costs accruing; but, on reflection, they allowed the taxing of all the witnesses’ fees summoned by defendant to this term, as a part of the costs of the cause.